IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:22-cr-50 |
| | ) **PUBLIC - REDACTED** |
| RICHARD LEVIN, | ) |
| | ) |
| *Defendant.* | ) |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendant Richard Levin's Motion for Compassionate Release (Dkts. 44, 51, 58) ("Motion"). Mr. Levin seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) so that he may care for his father. The United States opposes the Motion. The Court dispenses with oral argument because the record before it adequately presents the facts and the parties' legal positions, and further argument would not aid in the decisional process. *See* Local Civil Rule 7(J) of the Eastern District of Virginia. Although the Court sympathizes with the difficulties caused by his father's serious health issues and the strain that his care has caused Mr. Levin's mother, the Court finds that such circumstances do not amount to "extraordinary and compelling reasons" warranting a reduction in Mr. Levin's sentence. Accordingly, the Court denies the Motion.

**I.     Background**

    *A.     Factual Background*

On April 11, 2022, Mr. Levin pled guilty to a single count of conspiracy to distribute at least fifty (50) grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. Dkt. 12. From at least March 2021 until November 2021, Mr. Levin supplied a co-conspirator with methamphetamine on numerous occasions. Dkt. 13 ¶ 2. Mr. Levin was involved in the distribution of, or it was reasonably foreseeable that his co-conspirators distributed in furtherance of the

conspiracy, at least 3,000 kg but less than 10,000 kg of converted drug weight. *Id.* ¶ 7. On September 14, 2022, Judge T.S. Ellis, III sentenced Mr. Levin to a term of imprisonment of sixty months and a subsequent term of supervised release of three years.[1] Dkt. 39.

Prior to his conviction in 2022, Mr. Levin's record included three convictions in state court that occurred between 1994 and 1997. Dkt. 24 ¶¶ 43–45. These include two convictions related to possession of marijuana and one conviction for contempt of court. *Id.* Mr. Levin's current estimated release date is November 1, 2025. *Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (search for Levin, Richard) (last visited Sept. 4, 2024).

Mr. Levin seeks a reduction in his sentence due to the poor health of his father, as well as chronic health issues facing his mother that make it difficult for her to care for Mr. Levin's father. Dkt. 58 at 5–6. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Though the Levins receive professional at-home care, the care is parttime and expensive even with insurance. *Id.* at 6–7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮ Mr. Levin argues that his father does not have alternatives for his care. *Id.* at 8. Mr. Levin's sister has been out of contact with her family since 2019. *Id.* Hiring full-time care would be prohibitively expensive. *Id.* Mr. Levin's release would alleviate what is otherwise an enormous

---

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

financial strain on his parents. *Id.* █████████████████████████████████

████████████████████████████████████████████████████████████████████

███

### B. *Procedural History*

On September 15, 2023, Mr. Levin filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 44. At that time, Mr. Levin also requested counsel. *Id.* at 6. On October 6, 2023, Judge Ellis appointed counsel for Mr. Levin and ordered that Mr. Levin file a supplemental motion. Dkt. 47. On November 9, 2023, Mr. Levin—through counsel—filed the public, redacted version of the instant Motion. Dkt. 51. The sealed version of the instant Motion— along with its exhibits—is filed at Dkt. 58. On November 22, 2023, the United States filed its Opposition to the Motion. Dkt. 54. On December 1, 2023, Mr. Levin moved to seal his reply and subsequently filed his sealed reply on December 22, 2023. Dkts. 55, 59. On December 27, 2023, this action was reassigned to the undersigned judge. On July 4, 2024, counsel for Mr. Levin filed a status report reflecting updates since he filed the instant Motion. Dkt. 60.

### II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), after fully exhausting his administrative remedies, a defendant may file a motion asking that a court reduce the term of the movant's imprisonment. A court may reduce the defendant's term of imprisonment if it finds that the defendant presents "extraordinary and compelling reasons [that] warrant such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

"To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). "First, the court must determine that the prisoner is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *Id.* (citation omitted). Then,

3

"[a]fter a district court finds that an 'extraordinary and compelling' reason for sentence modification exists, it must [] evaluate the relevant [18 U.S.C.] § 3553(a) factors." *Id.* (citation omitted). "A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence." *Id.*

Though "extraordinary and compelling" is not defined under statute, Congress stated that a court may reduce a defendant's sentence under § 3582(c)(1)(A) if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has since published Guidelines outlining the factors a court may consider in reducing a term of imprisonment under § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13(b).[2] In pertinent part, U.S.S.G. 1B1.13(b) provides that "extraordinary and compelling reasons" may exist under a number of situations, including the family circumstances of the defendant—which is relevant here. *Id.*

### III. Analysis

#### A. *Exhaustion*

Before proceeding to the merits of a motion for compassionate release, a court must first ensure that a defendant has fully exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A defendant has satisfied this requirement "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* Here, Mr. Levin made a request for compassionate

---

[2] Although Mr. Levin filed the first version of the Motion prior to the November 1, 2023 updates to the Guidelines, "the Court applies the law in effect at the time of its decision, not the law in effect at the time the Motion was filed." *United States v. Howard*, 2024 WL 112010, at *5 n.4 (D. Md. Jan. 10, 2024) (citation omitted) (applying the updated Guidelines to a motion filed under 18 U.S.C. § 3582(c)(1)(A) before November 1, 2023).

release to the warden on July 24, 2023. Dkt. 44-5; Dkt. 58 at 3. Mr. Levin filed the first version of the instant Motion on September 15, 2023, which is more than thirty (30) days after he filed his request to the warden. Dkt. 44. Accordingly, the Court finds that Mr. Levin has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A).

### B. *Whether Circumstance Is "Extraordinary and Compelling"*

The Court will now turn to the merits of Mr. Levin's Motion. Under the two-step inquiry, the Court considers first whether Mr. Levin presents an "extraordinary and compelling" circumstance warranting his release. *Centeno-Morales*, 90 F.4th at 279.

There is no doubt that Mr. Levin's father faces health challenges that are physically, emotionally, and financially burdensome. It is also clear that the condition in which Mr. Levin's father finds himself presents an enormous strain on Mr. Levin's mother. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮ However, the pertinent factor from the Guidelines states that a defendant may present an extraordinary and compelling circumstance warranting release due to "[t]he incapacitation of the defendant's parent when the defendant would be the *only* available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C) (emphasis added).

As another court has noted, it is not enough for a defendant to present a "family situation [that] is undoubtedly difficult and puts a strain on his non-incarcerated relatives." *United States v. Rives*, No. 3:13-cr-175, 2023 WL 4976192, at *9 (E.D. Va. Aug. 3, 2023) (finding that a defendant did not present an extraordinary and compelling circumstance where the defendant claimed that release was merited, in part, because he was the only available caregiver for his stepmother). Rather, Mr. Levin must "provide[] evidence, beyond his own assertion, that he is the *only* available caregiver" for his father. *Id.* Though Mr. Levin does state that his only other

sibling—a sister—has cut off ties with the family, Mr. Levin makes clear in his own briefing that his father receives help from Mr. Levin's mother and has received additional help from professional staff. Dkt. 58 at 8. ███████████████████████████████
████████████████████████████████████████ ██ ████
████████████████████████ ████████████████████
████████████████████████████████

The Court acknowledges that such a situation presents enormous financial and logistical hardships for Mr. Levin's parents at present. The Court also acknowledges that it is exceedingly difficult for Mr. Levin's mother to provide an adequate level of care for her husband alone. In a July 4, 2024 status report, counsel for Mr. Levin reported that Mr. Levin's father receives professional assistance six (6) hours a day, leaving Mr. Levin's mother to care for Mr. Levin's father for the remaining eighteen (18) hours in a day. Dkt. 60 at 1. Counsel reports that Mr. Levin's parents cannot afford more professional help. *Id.*

The July 4, 2024 report also reflects the physical challenges that Mr. Levin's mother faces when caring for her husband. *Id.* However, "[w]hile it may, perhaps, be unusual or even cumbersome for other individuals to render assistance, these circumstances do no[t] rise to the level that this Court may make the finding that Defendant is his [father's] '*only*' caregiver[.]" *United States v. Holt*, 2021 WL 2457064, at *6 (E.D. Va. June 16, 2021) (emphasis in original) (finding that a defendant did not present an extraordinary and compelling circumstance where a defendant argued that his mother's two other sons were unavailable to care for the defendant's mother). Mr. Levin's Motion makes clear that he would not be his father's only caregiver upon release. Rather, he would relieve his mother from the physically intensive aspects of his father's care and provide backup when professional caretakers cancel. Dkt. 58 at 7–8.

Therefore, this Court cannot conclude that Mr. Levin has presented an extraordinary and compelling circumstance meriting a reduction in his sentence.

### C. *Factors Under 18 U.S.C. § 3553(a)*

Additionally, the Court finds that the factors under 18 U.S.C. § 3553(a) do not warrant a reduction in Mr. Levin's sentence. Under 18 U.S.C. § 3553(a), a court may consider "the nature and circumstance of the offense[,]" "the history and characteristics of the defendant[,]" and the need for the sentence imposed to:

> (A) . . . reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with . . . medical care, or other correctional treatment in the most effective manner.

*Centeno-Morales*, 90 F.4th at 279 (quoting 18 U.S.C. § 3553(a)).

When considering the factors under 18 U.S.C. § 3553(a), courts "enjoy broad discretion" and "need not address in turn every argument raised by the movant." *Centeno-Morales*, 90 F.4th at 279 (citations omitted). "Rather, district courts must only 'set forth enough to satisfy our court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review.'" *Id.* (citation omitted).

Mr. Levin argues that his minimal criminal history ███ ██ ████████ ██ ██ ████████ along with his good behavior while incarcerated, counsel in favor of reduction under the § 3553(a) factors. *See* Dkt. 58 at 9–10; Dkt. 59 at 4. The Court, however, notes that Mr. Levin's underlying offense was serious and that several firearms were found in Mr. Levin's residence. Dkt. 13 ¶ 6. Mr. Levin was involved in a substantial conspiracy to distribute a dangerous drug. Moreover, this offense was not Mr. Levin's first. Dkt. 24 ¶¶ 43–45. The sixty-month sentence that Mr. Levin received was appropriately fashioned to his crime. *See Holt*, 2021

WL 2457064, at *4 (denying reduction under the § 3553(s) factors and noting that a sixty-month sentence for conspiring to distribute cocaine was appropriate and "actually a matter of judicial grace"). Finally, Mr. Levin has not "presented a mountain of new mitigating evidence that the sentencing court never evaluated." *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019) (vacating and remanding a court's denial of motions to reduce term of imprisonment under 28 U.S.C. § 3582(c)(2)); *see also id.* (concluding that a district court was required to give weight to "the multitude of redemptive measures that [the defendant] has taken since she was initially sentenced to life in prison" under § 3553(a)).

As to his behavior during incarceration, Mr. Levin points to his enrollment in courses and involvement in the Residential Drug Abuse Program (RDAP). Dkt. 58 at 9. In his July 4, 2024 status report, counsel for Mr. Levin states that Mr. Levin has completed his participation in RDAP and that the program has asked that he remain with the program as a teaching assistant. Dkt. 60 at 2. The Court applauds these aspects of Mr. Levin's behavior. Such continued behavior may result in credit for good time that will positively affect his scheduled release date. However, in considering all the § 3553(a) factors, this Court concludes that they do not counsel in favor of reducing Mr. Levin's sentence.

## IV. Conclusion

For these reasons, the Court finds that Mr. Levin does not present an extraordinary and compelling circumstance and that the factors under 18 U.S.C. § 3553(a) do not support a reduction in his sentence. The Court is sympathetic to the predicament in which Mr. Levin's parents find themselves. However, their circumstances are not sufficient to merit a reduction in Mr. Levin's

sentence under the law. Accordingly, it is hereby

**ORDERED** that Mr. Levin's Motion (Dkts. 44, 51, 58) is **DENIED without prejudice.**

Entered this 6th day of September, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

9